## HAUK v. STANDARD OIL CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   February 24, 1899.)

INJURIES TO EMPLOYE—NEGLIGENCE OF MASTER—EVIDENCE.

Complainant alleged the death of her intestate from an explosion of naphtha while he was in defendant's employment making varnish, caused by the defective apparatus and structure of defendant negligently employed in the process. Intestate was a skillful workman in the manufacture of varnish. He had been in the employ of the defendant only a week, but the premises were designed by him, and he was engaged long prior thereto in the manufacture of varnish therein for another company, and was fully acquainted with the uses of naphtha. There was no proof of defective construction chargeable to defendant, nor any insecurity in the condition of the premises or of the appliances which it was defendant's duty to point out to intestate. *Held*, that a nonsuit was properly granted.

Appeal from trial term, New York county.

Action by Margaret Hauk, as administratrix of John Hauk, deceased, against the Standard Oil Company of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Edwin T. Taliaferro, for appellant.
John B. Leavitt, for respondent.

PATTERSON, J.  The plaintiff's intestate died from injuries sustained by him, which were caused by an explosion of naphtha. When the explosion took place, he was in the employment of the defendant, and was at work in making varnish by a process in which naphtha was used. It is alleged in the complaint that the direct cause of said explosion was "the improper and defective apparatus and structure which said defendant carelessly and negligently used in making said varnish." It is further alleged that it was the duty of the defendant to furnish a safe place in which to mix the varnish, where the flame or hot air from fire could not reach the same, but that the defendant, negligent of its duty, allowed the varnish to be mixed in a place or room which was not properly shut off from fire, and that fire was communicated to the naphtha and material used in the making of the varnish, and caused the explosion which resulted in the injuries to and death of the plaintiff's intestate. It is further alleged that the defendant knew or had notice of "such defective apparatus and construction." On the trial of the cause, the plaintiff was nonsuited; and, from the judgment entered thereupon, this appeal is taken.

The evidence introduced by the plaintiff was insufficient to establish the allegations of the complaint, or any of them, respecting either the cause of the accident, or negligence of the defendant, or omission on its part to perform its duty to its servant. The plaintiff's intestate was a skilled workman in the manufacture of varnish. The allegation of the complaint as to negligence of the defendant is, substantially, that it did not provide for its servant a safe place to work in. It was in evidence that the defendant had been using the premises for the manufacture of varnish for one week, and that the plaintiff's

intestate was in its immediate employ only for that week; but it was shown that such premises were designed by the plaintiff's intestate; that he had been engaged for months previous to the accident in the manufacture of varnish, on these premises, for another corporation, by processes known to him, and in which naphtha was used, in the same apparatus, with which he was also fully acquainted. The plant used in the manufacture of this varnish was put up by the plaintiff's intestate. The premises as used were designed by him, and he was skilled in the manufacture of varnish by processes involving the use of naphtha. There is no proof whatever of defective construction of the apparatus or the plant or the premises, chargeable to the defendant; nor is there any evidence of any insecurity or want of safety in the condition of the premises, or of any of the appliances used in the manufacture of varnish, on the day of the accident, which it was the duty of the defendant to communicate or point out to the plaintiff's intestate. His knowledge of the conditions was as great, if not greater, than the defendant's; for he had been making varnish and using the premises and appliances for months, and it had been in possession only a week. It found him there as a skilled workman, and retained him as such. He appears to have been the only person in charge of or at work in those premises for months, with the exception that one Seagrist assisted him on the day of the explosion.

The allegation of the complaint as to the direct cause of the explosion has been referred to. Such claimed cause is that fire was communicated from a room not properly shut off to the naphtha in an adjoining room, and that, in consequence, the explosion took place. It is proven that there was a furnace in one room, in which a coke fire was burning. Over that furnace was hung a kettle, in which various gums and other substances were dissolved by a boiling process; upon the completion of which, the kettle was rolled into the adjoining room, where, for the purposes of thinning the substance in the kettle, that substance was treated with naphtha. There were doors in the wall separating the two rooms, and the theory of the plaintiff's case seems to be that by reason of the doors being open, or in some way defective, fire from the furnace was communicated to the fumes of the naphtha, and thus the explosion was caused. The plaintiff's intestate knew that it was necessary to close the doors to prevent an explosion of the character just referred to, and he had been instructed to put out the fires when he was ready to use the naphtha. The witness Alexander testified to that, but, as matter of fact, the doors were closed on the occasion of this explosion. Seagrist, who was helping the plaintiff's intestate when the explosion took place, so testifies. It is suggested, however, that there were certain small cracks or crevices in the doors, through which the heat from the furnace room might have penetrated, or through which the fumes from the cooling room might have passed, and become ignited by the fire in the furnace; but there is nothing whatever to show that that defective condition, even if it could be regarded as the cause of the accident, was known to the defendant or any of its officers in such a way as to make it a duty to communicate it to the

plaintiff's intestate, who was working there all the time, and knew, or might have known, the exact surroundings and conditions of the rooms in which he worked, and which seem to have been in his charge.

The complaint was therefore properly dismissed, and the judgment appealed from must be affirmed, with costs. All concur.